O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                      DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL KELLY-HERMON,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 08-4430 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

    The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

    With respect to Disputed Issue No. 1, the Court finds that the finding by Administrative Law Judge ("ALJ") that plaintiff did not have an impairment that met Listing 1.08 (see AR 15) was too cursory for the Court to conclude that the ALJ did not err in the respects argued by plaintiff (see Jt Stip at 4-6, 10-11). Accordingly, the

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

Court is unable to affirm the ALJ's listings determination. See Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("'If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for a remand.'").

With respect to Disputed Issue No. 2, the Court is unable to affirm the ALJ's vocational determination at Step Four of the Commissioner's sequential evaluation process for the reasons argued by plaintiff (see Jt Stip at 12-13, 14). Contrary to the ALJ's statement, the residual functional capacity ("RFC") conclusions reached by the state agency physician were not "consistent with the conclusions reached in this decision." (See AR 18). The state agency physician opined that plaintiff had reaching and handling limitations, as well as fingering limitations. (See AR 145). Yet, the ALJ only included fingering limitations in her RFC assessment. (See AR 15). Thus, as plaintiff points out, the Court does not know whether the ALJ intended to reject the state agency physician's opinion that plaintiff had reaching and handling limitations, or whether the ALJ's failure to include those limitations in her RFC assessment was an oversight.

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). The Court has

concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision. Indeed, plaintiff does not contend otherwise. (See Jt Stip at 11 ("A remand is appropriate in this case for the ALJ to re-determine whether Ms. Kelly-Hermon met listing 1.08 up until the time she completed her physical therapy."), 14 ("A remand is necessary for the ALJ to correct his mistake.").

## ORDER

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[2]

DATED: February 27, 2009

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is not limiting the scope of the remand.